UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-13187-RGS

CHENGHONG TANG

v.

UNITED STATES OF AMERICA; DEPARTMENT OF
HOMELAND SECURITY; ALEJANDRO MAYORKAS,
as Secretary of the Department of Homeland Security;
UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES; UR JADDOU, as Secretary of the
United States Citizenship and Immigration Services

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

April 26, 2024

STEARNS, D.J.

Plaintiff Chenghong Tang filed this action against defendants the United States of America; the Department of Homeland Security (DHS); Alejandro Mayokas, in his capacity as Secretary of DHS; the United States Citizenship and Immigration Services (USCIS); and Ur Jaddou, in her capacity as Secretary of USCIS. She asserts several statutory and constitutional claims, all of which, at core, hinge on defendants having unreasonably delayed adjudication of her Form I-751 petition.[1] Defendants

---

[1] Count I asserts that defendants have unreasonably delayed adjudication of her petition in violation of the Administrative Procedure Act

move to dismiss, contending that Tang has failed to state a claim for relief. For the following reasons, the court will allow the motion.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially

---

and that this delay has been arbitrary and capricious. Compl. [Dkt # 1] ¶ 21. Count II seeks a writ of mandamus compelling defendants to "satisfy their statutory obligations" under the Immigration and Nationality Act, i.e., to adjudicate her petition. *Id.* ¶ 24. Count III asserts that defendants have violated the Aliens and Nationality Regulations by "failing to timely adjudicate [her] applications." *Id.* ¶ 29. Count IV seeks declaratory judgment that "Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint are a violation of the federal regulations, a breach of the Defendants' statutory duties, and are unconstitutional, arbitrary, and capricious," such that "Defendants are compelled to adjudicate the Plaintiff's I-751 petition in the next thirty (30) days." *Id.* ¶ 32. Finally, Count V asserts that the "delay by Defendants in processing the petition" violates Tang's rights under the Due Process and Equal Protection Clauses of the Fifth Amendment. *Id.* ¶ 34.

plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In assessing whether administrative delay rises to the realm of the unreasonable, courts often apply the factors set forth in *Telecomms. Rsch. & Action Ctr. v. F.C.C.* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*V.U.C. v. United States Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 218, 223 (D. Mass. 2021), quoting *TRAC*, 750 F.2d at 80.  At this stage in the proceedings, the court reviews not for the merits but instead for "whether [Tang's] complaint alleges 'facts sufficient to state a plausible claim for unreasonable administrative delay.'" *Akrayi v. United States Dep't of State*, 2023 WL 2424600, at *3 (D.D.C. Mar. 9, 2023), quoting *Liu v. Mayorkas*, 2021 WL 2115209, at *3 (D.D.C. May 25, 2021).

3

Although the court is sympathetic to Tang's frustration with the length of time it has taken to adjudicate her I-751 petition, it concludes, after balancing the *TRAC* factors, that she has not plausibly alleged unreasonable administrative delay.

### 1. Factors One and Two[2]

Congress has not mandated any timetable for a decision on an I-751 petition. At most, it has imposed a *waivable* requirement to hold an interview in 90 days – the flexibility of which expands (rather than limits) the breadth of the discretion granted to the agency. *See Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-154 (D.D.C. 2017) (noting that "Congress has given the agencies wide discretion in the area of immigration processing."). The court accordingly turns to whether a rule of reason governs the agency's decision-making timeline.

Subject to limited exceptions, USCIS generally processes petitions in the order they are received. Tang does not dispute that this practice qualifies as a rule of reason within the scope of *TRAC* factor one.[3] She instead appears

---

[2] "The first two factors" are "typically considered together." *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 317 (D.D.C. 2020).

[3] This is wise, as courts have found the first-in, first-out principle to be a "rule of reason" sufficiently explaining "the time agencies take to make decisions" in analogous contexts. *See, e.g., V.U.C.*, 557 F. Supp. 3d at 223; *Muvvala v. Wolf*, 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020).

to argue that, because she has allegedly shown entitlement to at least two recognized[4] exceptions to the first-in, first-out principle (urgent humanitarian need and a compelling government interest),[5] USCIS deviated from its rule of reason by not expediting her petition.[6] *See* Pl.'s Opp'n [Dkt # 10] at 8 ("Plaintiff argues there are specific circumstances that distinguish her case from the cases Defendant cited, and that due to these distinctions, the failure to adjudicate the I-751 lacks reason under TRAC.").

The court is not persuaded. Tang premises her assertion of urgent humanitarian need on her cursory statement, in an affidavit attached as an

---

[4] Tang fails to offer any legal support for the proposition that allegedly providing all the information USCIS would need to adjudicate her petition (something every individual applicant believes themselves to have done) entitles her to expedited review.

[5] Tang also asserts USCIS error, noting that she has a pending Form N-400 application which may take longer than average to process because it must wait on an I-751 determination. The Complaint, however, lacks any reference to the N-400 application. Tang thus may not rely on its existence to survive the pending motion to dismiss. In any event, even if Tang were to amend her Complaint to rectify this pleading defect, it would be pure speculation for the court to conclude now, in April of 2024, that her I-751 petition will unreasonably delay resolution of her recently-filed N-400 application.

[6] Because the current estimated processing time at the Vermont Service Center is over two years, if the standard first-in, first-out rule controls, there are a years' worth of petitions ahead of Tang's in the queue. Regardless of how allegedly easy Tang's petition would be to process, the time it would take to process these earlier-filed petitions would counsel in favor of the reasonableness of the one-year delay experienced by Tang thus far.

5

exhibit to the Complaint, that she "want[s] [her] parents to enjoy a good life in the United States and not face potential persecution in China." Compl. [Dkt # 1], Ex. C ¶ 15.  But a vague reference to "potential" persecution, devoid of any further elaboration about the likelihood of harm (*e.g.*, an explanation of why her parents may face persecution, how likely that persecution is to manifest, and what it would entail), cannot suffice, standing alone, to plausibly establish the existence of some urgent humanitarian need.

As for her compelling government interest argument, Tang relies on her professed aspiration to work for the federal government and to "promote the values of the United States (i.e., democracy, human rights, liberty) that she did not experience in China."  Pl.'s Opp'n at 11.  But it is not clear how her personal goals, however laudable, reflect a *government* interest.  She thus has not shown plausible entitlement to this exception.

### 2. Factors Three through Six

The court need not linger on the remaining factors.  Expediting review of Tang's petition would almost certainly delay adjudication of other, earlier-filed I-751 petitions (*TRAC* factor four).[7]  *See Muvvala*, 2020 WL 5748104, at *4 ("Granting Plaintiffs' requested relief would simply move Muvvala's

---

[7] As previously noted, reliance on the N-400 application is improper because it is entirely absent from the allegations in the Complaint.

applications to the front of the USCIS's backlog, and thus 'a judicial order putting [Muvvala] at the head of the queue simply moves all others back one space.'"), quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991).  And while Tang's mental health and welfare interests may be better served by expedited review, so, too, would presumably those of every petitioner currently awaiting a decision (*TRAC* factors three and five).  *See V.U.C.*, 557 F. Supp. 3d at 223.  Tang offers no reasonable basis for the court to elevate her distress over that of any other applicant (many of whom have also undoubtedly faced prolonged separation from their relatives).[8]  *See Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005).  Finally, there is no evidence that the agency has improperly refused to adjudicate her petition (*TRAC* factor six).[9]

---

[8] There is no allegation, for example, that Tang may not freely travel to visit her parents in the next year, as she waits for a decision.  *Cf. Muvvala*, 2020 WL 5748104, at *4 (finding the *TRAC* factors three and five to weigh in plaintiff's favor where she would soon lose her ability to work in the United States or renew her license).

[9] Tang does not provide a single citation to support her contention that the court may reasonably infer from the mere fact that she allegedly provided all requisite documentation that the government acted with impropriety.

7

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE